```
IN THE UNITED STATES DISTRICT COURT
   FOR THE NORTHERN DISTRICT OF ILLINOIS
              EASTERN DIVISION
```

| | |
|---|---|
| **J&J SPORTS PRODUCTIONS, INC.,** <br><br> Plaintiff, <br><br> v. <br><br> **LUBA ORENKIEWICZ,** *et al.*, <br><br> Defendants. | **Case No. 13 C 2060** <br><br> Hon. Harry D. Leinenweber |

**MEMORANDUM OPINION AND ORDER**

Plaintiff J&J Sports Productions, Inc. ("J&J Sports"), a distributor of viewing rights to televised sporting events, brings this action against Defendants Lucky Inn, Inc. and its owners, Luba Orenkiewicz ("Orenkiewicz") and Kamil Piekutowski ("Piekutowski") (collectively, the "Defendants"), alleging that Defendants intercepted and broadcasted a World Boxing Association program in violation of 47 U.S.C. §§ 605, 553. J&J Sports now moves for summary judgment on Count I. For the reasons stated herein, the Motion is denied.

**I.  BACKGROUND**

**A.  Defendants' Failure to Follow Local Rule 56.1**

As a threshold matter, the Court notes that Defendants failed to follow Local Rule 56.1 by not filing their own numbered Statement of Material Facts and by not responding to each of the numbered facts in J&J Sports's Statement of Material Facts. Local Rule 56.1(b)(3)(B)-(C). Consequently, the Court has discretion to deem

admitted each of J&J Sports's submitted facts. Local Rule 56.1(b)(3)(C); *see also, Stevo v. Frasor,* 662 F.3d 880, 886-87 (7th Cir. 2011) ("[D]istrict court judges are entitled to insist on strict summary judgment filings.").

The Court declines to exercise this discretion, however, because Defendants' response to the Motion indicates which facts are in dispute and because, as discussed below, Defendants' argument largely rests on factual disputes that arise from J&J Sports's own evidence. Thus, while technically deficient, Defendants' response does not force the Court to "scour the record for evidence that supports [Defendants'] case." *Cf. Dominguez v. Quigley's Irish Pub, Inc.,* 790 F.Supp.2d 803, 805 (N.D. Ill. 2011). In any event, the Court views the facts in the light most favorable to Defendants as the non-moving parties and draws reasonable inferences in their favor. *See, Tebbens v. Mushol,* 692 F.3d 807, 815 (7th Cir. 2012).

### B. Factual Background

J&J Sports paid for and was granted the exclusive distribution rights to the Floyd Mayweather, Jr. v. Miguel Cotto, WBA World Light Middleweight Championship Fight Program ("the Program"), which occurred on May 5, 2012. J&J Sports then entered into sublicensing agreements with various commercial entities throughout North America, including in Illinois, by which it granted these entities the rights to exhibit publicly the Program to patrons within their respective establishments.

Orienkiewicz and Piekutowski are the owners and managers of a Chicago bar called the Lucky Inn. Peter M. Scurto ("Scurto"), a private investigator J&J Sports hired, attests that on May 5, 2012, he was present at the Lucky Inn for approximately twenty minutes and observed the Program on two of Lucky Inn's televisions. (Plaintiff's Statement of Material Facts in Support of its Motion for Summary Judgment, Ex. A, ECF No. 28.) While he was at the Lucky Inn, Scurto attests that he spoke with "the manager, David[,] . . . [a] Hispanic male, age 25 to 35, 6'1" in height, stocky in build, short dark hair, attired in dark slacks and [a] white zip-up sweatshirt." *Id.* Scurto also attests that he observed on Lucky Inn's televisions a "boxing event which was showing the introductions of Sugar Shane Mosley (black trunks with the word 'SUGAR' on the belt line) and Saul 'Canelo' Alvarez (black trunks with gold trim)," and that when the fight began "both fighters were cautious . . . with Mayweather offering left jabs [and] Alvarez [doing] very little for the first two minutes." *Id.*

J&J Sports subsequently sued Defendants, who admit that they did not order the Program from J&J Sports or pay J&J Sports for the right to broadcast the Program at the Lucky Inn. (Pl.'s Stmt., Ex. F, ECF No. 28.) Count I of the Complaint alleges that Defendants violated certain provisions of the Communications Act of 1934, 47 U.S.C. § 605. Count II alleges that Defendants violated the Cable and Television Consumer Protection Competition Act of 1992, 47 U.S.C. § 553. Count III alleges that Defendants are liable for common law

conversion for broadcasting the Program without a license and for their own personal benefit or direct commercial advantage. J&J Sports now moves for summary judgment on Count I only.

## II. LEGAL STANDARD

Summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact and [the party] is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute is "genuine" if the evidence would permit a reasonable jury to find for the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A fact is "material" if it might affect the outcome of the suit. *Id.* If the moving party satisfies its burden, the non-moving party must present evidence sufficient to demonstrate that a genuine factual dispute exists. *See, Celotex Corp. v. Catrett,* 477 U.S. 317, 323-24 (1986). In doing so, the non-moving party "must do more than show that there is some metaphysical doubt as to the material facts." *Sarver v. Experian Info. Solutions,* 390 F.3d 969, 970 (7th Cir. 2004). Rather, the non-moving party must demonstrate "through specific evidence that a triable issue of fact remains on issues for which [that party] bears the burden of proof at trial.", *Knight v. Wiseman,* 590 F.3d 458, 463-64 (7th Cir. 2009).

## III. ANALYSIS

Generally, 47 U.S.C. § 605(a) prohibits commercial establishments from intercepting and broadcasting satellite and cable

television programming. *See, United States v. Norris,* 88 F.3d 462, 466-67 (7th Cir. 1996); *see also, J&J Sports Prods., Inc. v. Mandell Family Ventures, L.L.C.,* 751 F.3d 346, 351 (5th Cir. 2014). Count I of the Complaint alleges that Defendants violated § 605(a) by intercepting and broadcasting the Program at the Lucky Inn without a license from J&J Sports.

In support of its Motion, J&J Sports relies almost exclusively on Scurto's affidavit. That affidavit, however, contains several inconsistencies. First, Scurto attests that he observed a boxing event between Sugar Shane Mosley and Saul "Canelo" Alvarez, but J&J Sports has not presented any evidence that either Alvarez or Mosley were fighting during the Program. Second, although Scurto later attests to observing a match involving Mayweather, he states that "Mayweather [offered] left jabs [and] Alvarez did very little for the first two minutes." Again, the Program at issue in this case was a fight between Mayweather and Cotto, not Alvarez.

Third, Scurto attests that he ordered "drink(s) from the manager, David," who Scurto describes in great detail. Defendants' pleadings and discovery responses indicate that they have never employed anyone named David or any male employee at all. (Defendant's Response to Plaintiff's Motion for Summary Judgment at 2, ECF No. 34; Defendants' Response to Plaintiff's Interrogatories, attached as Ex. G to Pl.'s Stmt., ECF No. 30.)

The parties therefore dispute whether J&J Sports's investigator was at the Lucky Inn during the Program's broadcast and whether he

actually observed the Program on Lucky Inn's TVs. These disputes are genuine because a reasonable jury could believe Defendants and find that Scurto was not at the Lucky Inn and did not witness the Program being broadcast there.  *See, Anderson,* 477 U.S. at 248.  These disputed facts also are material to the outcome of this suit because Scurto appears to be the entire source of J&J Sports's evidence regarding Defendants' alleged violations.  Thus, if a jury found that Scurto was never at the Lucky Inn and that he never witnessed the Program being broadcast there, the jury would have no other evidence by which it could find in favor of J&J Sports.  *See, id.*  Therefore, there is a genuine dispute regarding the material facts in this case, one that could permit a reasonable jury to find for Defendants.

## IV. CONCLUSION

For the reasons stated herein, J&J Sports's Motion for Summary Judgment [ECF No. 27] is denied.

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　　Harry D. Leinenweber, Judge
　　　　　　　　　　　　　　　　　　　　　United States District Court

Date:9/30/2014